IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSS SHADE,

       Plaintiff,                      No. 2:08-cv-1069 LKK JFM PS

    vs.

BANK OF AMERICA, N.A., USA, et al.,

       Defendants.             ORDER

_____/

        Plaintiff is proceeding pro se and seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.

4        A complaint, or portion thereof, should only be dismissed for failure to state a
5  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
6  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
7  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
8  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
9  complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13       Congress enacted the FDCPA "to eliminate abusive debt collection practices by
14 debt collectors, to insure that those debt collectors who refrain from using abusive debt collection
15 practices are not competitively disadvantaged, and to promote consistent State action to protect
16 consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The statute is very broad and
17 must be enforced as written, even in the face of an innocent and/or de minimis violation.  See
18 Frey v. Gangwish, 970 F.2d 1516, 1521 (6th Cir.1992).  This court must evaluate the defendant's
19 conduct under the "least sophisticated consumer" test, and objectively determine whether that
20 consumer would be misled.  Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1029 (6th
21 Cir.1992).

22       In the instant complaint, plaintiff names the Bank of America as a defendant.
23 However, plaintiff has not demonstrated that defendant Bank of America is a debt collector as
24 defined by 15 U.S.C. § 1692a(6); indeed plaintiff concedes that its activities would not subject it
25 to the FDCPA.  (Complt. at 4.)  Accordingly, the complaint fails to state a claim as to defendant
26 Bank of America.

Plaintiff also names the following individual defendants, Dennis Hammond, Gary Wood, Roger Knauf, Kristen Dougherty, Graig Goodman, Ronald Lavine, Michael Bendickson, Stuart Blatt, Michael Cushing, Barry Lockwood and Richard Munroe, but fails to identify them sufficient to determine whether they are officers or employees of creditors specifically excluded by the provisions of 15 U.S.C. § 1692a(6)(A)-(F). Plaintiff has also failed to allege the acts each of these named defendants took that may have violated the FDCPA. Thus, the complaint fails to state a claim as to these defendants as well.

Plaintiff contends that defendants have violated California Business and Professions Code §§ 6128,[1] 6129[2] and 6151[3] because by attending trade shows and events sponsored by Debt Buyers Association it excites litigation. (Complt. at 5.) However, "the kind of transaction which is punishable as a misdemeanor is one in which there is a purchase in the ordinary sense of the word, and not the discharge of an antecedent debt. There is nothing wrong,

---

[1] Section 6128 states: Every attorney is guilty of a misdemeanor who either:

(a) Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party.

(b) Willfully delays his client's suit with a view to his own gain.

(c) Willfully receives any money or allowance for or on account of any money which he has not laid out or become answerable for.

Id.

[2] Business and Professions Code § 6129 states: 'Every attorney who, either directly or indirectly, buys or is interested in buying any evidence of debt or thing in action, with intent to bring suit thereon, is guilty of a misdemeanor.' Id.

[3] Section 6151 provides definitions:
(a) A runner or capper is any person, firm, association or corporation acting for consideration in any manner or in any capacity as an agent for an attorney at law or law firm, whether the attorney or any member of the law firm is admitted in California or any other jurisdiction, in the solicitation or procurement of business for the attorney at law or law firm as provided in this article.

(b) An agent is one who represents another in dealings with one or more third persons.

Id.

in itself, about an attorney's suing upon an assigned debt." See Martin v. Freeman, 216 Cal.App.2d 639, 642-43, 31 Cal.Rptr. 217 (Cal.App. 1963), citing Tuller v. Arnold, 98 Cal. 522, 33 P. 445 (1893); Crawford v. Engler, 131 Cal.App. 374, 21 P.2d 460 (1933).) While the FDCPA prohibits abusive collection practices, it does not forbid collection of a valid debt.

> The outright purchasing by attorneys of claims which perhaps otherwise would never be sued upon obviously would tend to stir up a good deal of litigation if it were permitted; but the transfer by one who owes money to an attorney of a claim which the transferor possesses against a third person may have but insignificant effect in the volume of litigation, and it partakes much less of the officious intermeddling nature of out and out purchase and sale.

Martin, 216 Cal.App.2d at 643.  Here, Bank of America is permitted to bring suit to collect on debts owed the Bank of America.  If the Bank of America assigns those debts to defendant Patenaude & Felix for collection purposes, defendant Patenaude & Felix become entitled to collect on those debts.  While the assignment of the debt may result in the subsequent filing of a lawsuit in an effort to collect the debt, litigation to collect on a debt is not the type of "officious fomenting" contemplated by § 6129.  Martin, 216 Cal.App.2d at 643.  Similarly, attendance at trade shows and debt buyers events is not specifically prohibited by the FDCPA.  Accordingly, plaintiff fails to state a cognizable claim under the FDCPA.

Moreover, it appears the instant action may be time-barred.  Title 15 U.S.C. § 1692k(d) provides that an action brought under the FDCPA may be brought "within one year from the date on which the violation occurs."  Id.  Plaintiff filed the instant action on May 16, 2008.  Any alleged wrongdoing under the FDCPA that occurred prior to May 16, 2007 is time-barred because it occurred more than one year before plaintiff filed the instant complaint.  The latest date included by plaintiff was 2006, which pre-dated the May 16, 2007 deadline.  In addition, the activity associated with that date does not violate the plain language of the FDCPA.  Also, although plaintiff referred to a Yolo County Superior Court action brought by defendants, he failed to include the date of that lawsuit.

/////

In an abundance of caution, and because plaintiff is proceeding pro se, the complaint will be dismissed and plaintiff will be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must identify each defendant, including his or her title, and the company for whom he or she works.  Plaintiff shall set forth specific facts supporting his contention that a defendant violated the FDCPA, including the specific date he contends defendants violated the FDCPA.  If plaintiff contends defendants offered false evidence in a trial or proceeding against plaintiff, he must identify the legal proceeding, including the date the action was filed, the date the action was served, and the date the evidence was proffered.  If plaintiff has a copy of documents alleged to be fraudulent or allegedly used to deceive the consumer, plaintiff should append the document(s) to the amended complaint.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

1 copies of the amended complaint; failure to file an amended complaint in accordance with this
2 order will result in a recommendation that this action be dismissed.
3 DATED: August 21, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; shade1069.lta