FILED

SEP 1 1 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

1  Ross Shade
2  26 Gibson Rd
3  Woodland, CA 95695
4  Tel. 530-666-4817.
5
6        IN THE UNITED STATES DISTRICT COURT FOR
7           THE EASTERN DISTRICT OF CALIFORNIA
8
9  ROSS SHADE                          )
10     Plaintiff                       )
11                                      )        CASE NO.
12  vs.                                 )        2:08-CV-1069 LKK JFM
13                                      )
14  BANK OF AMERICA, N.A., USA;         )        AMENDED
15  PATENAUDE & FELIX, A Professional   )        COMPLAINT
16     Corporation;                     )
17  RAYMOND A. PATENAUDE;               )
18  DEBT BUYERS ASSOCIATION, A California )
19     Non- Profit Mutual Benefit Corporation; )
20  OSI COLLECTION SERVICES             )
21  DENNIS HAMMOND;                     )
22  GARY WOOD; ROGER KNAUF;             )
23  KRISTEN DOUGHERTY;STUART BLATT      )
24  CRAIG GOODMAN; RONALD LAVIN         )
25  MICHAEL BENDICKSON;                 )
26  MICHAEL CUSHING; BARRY LOCKWOOD;    )
27  RICHARD MUNROE;                     )
28                                      )        FILED May 16, 2008
29  Does 1 - 100                        )
30  Defendants _____/        Jury trial requested
31
32
33                        ***

34       **Plaintiff alleges 1:**  That Bank of America, N.A., USA was (as of June 30,

35  2006) one of eight (8) bank and thrift subsidiaries of the *bank holding company*

36  Bank of America Corporation of Charlotte, NC).

37                        ***

38       **Plaintiff alleges  2:**  That (as of June 30, 2006) Bank of America N.A.

39  USA., of Phoenix AZ, reported to FDIC it had approximately $56,759,868,000 in

40  *total assets* as compared to: (a) total assets of Bank of America N.A., (of Charlotte

1

1   NC), of approximately $1,160,260,442,000; (b)  approximately $83,948,167,000

2   by FIA Card Services N.A. of Wilmington DE.  Thus Bank of America N.A. USA.

3   with only $56,759,868,000 total assets was only 4.4% of the $1,300,968,477,000

4   total assets of the Bank of America N.A. USA  of the three largest (of the 8 banks)

5   owned by Bank of America Corporation of Charlotte NC.

6                                        ***

7          **Plaintiff alleges 3:**  That total deposits as reported to FDIC as of June 30

8   2006 as reported to FDIC as of June 30 2006 (of Bank of America N.A., USA)

9   were $76, 831,000 and that Bank of America N.A. services securitized accounts

10   (i.e. loan balances of customers that had been securitized and sold as investments

11   or held as investment by affiliates).

12                                        ***

13          **Plaintiff alleges 4:**  That banking regulations limit the total amount of

14   loans that Bank of America N.A. USA is allowed to make to customers *by the*

15   *amount of depositors deposits* (i.e., $76,831.000) plus the capital invested (capital

16   stock owned by Bank of America Corporation) so that if depositors with large

17   amounts on deposits with the Bank were to withdraw their deposits the bank

18   would become insolvent unless Bank of America Corporation increased its capital

19   investment in Defendant or sell off the loans made to customers including credit

20   card account balances (i.e., would be unable to issue more credit cards or increase

21   card holder limits).

22                                        ***

23          **Plaintiff alleges 5:**  That ownership of Plaintiff's credit card account

24   balance was not reflected on the Credit Card nor did the monthly statements show

25   that the account was owned by Bank of America N.A., USA and based on this and

26   the cardholder agreement, in an action to collect in balance there are no facts that

27   identified Bank of America N.A., USA as  the owner of the account balance.

28                                        ***

1      **Plaintiff alleges 6:**  That Bank of America N.A. USA, is located in Phoenix

2      AZ and responsible for servicing the account of Plaintiff on behalf of others that

3      may be a trust that owned all or part of the account balance.

4                                              ***

5      **Plaintiff alleges 7:**  That Bank of America N.A. USA, serviced the account

6      of Plaintiff in accordance with a written agreement with owner of the account

7      balance or trustee on behalf of owner or owners.

8                                              ***

9      **Plaintiff alleges 8:**  That Bank of America N.A. USA, is not a Debt

10     Collector subject to FDCPA during the period of some 180 days after default but

11     would be subject to FDCPA if assisted a debt collector to perpetrate fraud.

12                                             ***

13     **Plaintiff alleges 9:**  That Bank of America N.A. USA, when selling credit

14     card *account balances* (i.e., accounts for which Bank Of America N.A. USA

15     would continue to service), group plaintiff's account balance with the account

16     balances of other card holders which would thereafter become collateral for notes

17     that are sold during a process call securitization (i.e., in accordance with

18     provisions of the Uniform Business Code Sections 8102 et al), and to satisfy the

19     accountants who must understand the legal manifestations of such transactions,

20     sale of the plaintiffs account balance would be is made without recourse, and even

21     the ownership transferred to a trust is with another bank acting as the trustee to

22     create a bankruptcy-proof *legal entity* for the protection of investors buying the

23     interests in the securitized account balances.

24                                             ***

25     **Plaintiff alleges 10:**  That as proof that Bank of America N.A. USA (Bank)

26     has sold the account balances is shown in the accounting records of Bank as

27     reflected in the Annual Report and is also shown in (a) the reports of the Office of

28     the Comptroller of the Currency; (b) SEC form 10-K, and (c) the FDIC reports

1    form # FFIEC 041 (i.e., Consolidated Report of Condition Balance Sheet
2    Schedules RC et al).

3                                    ***

4         **Plaintiff alleges 11:** The "Hierarchy Report" document of Federal Reserve
5    shows that Bank of America Corporation controls a total of 2,178 other companies
6    such as banks, financial holding companies, broker/Dealer/Underwriter/ Insurance
7    Co. Broker/Agent/Underwriter, trust companies etc., none of which are controlled
8    by the Bank of America N.A., USA., ant that many of these 2,178 companies use
9    the trade name *Bank of America so that* many employees if asked the name of
10   their employer would answer *Bank of America* and few would know who owns the
11   credit card account balances and might assure that because Bank of America N.A.
12   USA is servicing the account that it *owned* the account.

13                                   ***

14        **Plaintiff alleges 12:** That by communicating a list of delinquent accounts
15   including Plaintiffs name and personal information to an unknown debt buyer (i.e.,
16   Defendant Doe) the Bank of America N.A. USA allowed that unknown party to
17   falsely use its name as the plaintiff by include it in this list communicated to an
18   unknown debt buyer in violation of Calif. Civil Code section 1788/12(c).

19                                   ***

20        **Plaintiff Alleges 13:** As shown in record of SEC filings Defendant Bank
21   of America N.A. USA is shown as the seller of asset backed securities on behalf of
22   BA Master Credit Card Trust (i.e., on 2001-05-31 and on many other dates as well
23   as many other per SEC filings in which asset backed securities are sold .

24                                   ***

25        **Plaintiff Alleges 14:** On or about March 10, 2007 Defendant Patenaude &
26   Felix caused to be send to Plaintiff what was supposedly the verification or
27   validation of an account supposedly owed to Bank of America N.A., USA. that
28   was a falsified document that was originated by OSI COLLECTION SERVICES

                                                                              4

1    that Patenaude & Felix knew or should have known was falsified but never-the-

2    less responsible based on *respondeat superior* principal.

3                                              ***

4           **Plaintiff Alleges 15:**  That Defendant OSI Collection Services also

5    furnished a Declaration signed under penalty of perjury claiming that service of

6    subpoena on Declarant could be had at a bogus address in Sacramento CA., and

7    that declarant had examined the Business Records of Bank of America said to be

8    under his control and of which he was custodian (i.e., custodian of records in

9    Phoenix AZ while a resident of North Carolina).

10                                             ***

11          **Plaintiff Alleges 16:**  That OSI Collection Services furnished *false*

12   *information* to Defendant Patenaude & Felix and further alleges that this

13   Defendant has worked with other debt collector law firms in a scheme to defraud

14   persons being sued by these Debt Collector Law Firms on behalf of debt collectors

15   and /or are debt buyers that have bought debt and use methods that are, according

16   to the many postings regarding OSI are violations of the FDCPA from many

17   different states and variously refer to as OSI / Outsourcing Solutions Inc..

18                                             ***

19          **Plaintiff Alleges 17:**  That OSI Collection Services also furnished false

20   declarations in support of facts supporting the cases in which Patenaude & Felix

21   knew or should have know that (a) in Capital One Bank v Shade in which the

22   Court allowed the declaration despite in which an judgment Defendant Patenaude

23   & Felix is attempting to collect for (as of December 7, 2002 $9,847.13 in which a

24   bogus address was used to prevent service of subpoena (b) Discover Bank v Shade

25   where Court dismissed the case based failure to provide other proof of a cause of

26   action

27                                             ***

1    **Plaintiff Alleges 18:** That Defendant Patenaude & Felix is a Law Firm
2    engaged in the practice of Debt Collection in California and subject to California
3    FDCPA and U.S.A sections for FDCPA. .
4                                        ***
5    **Plaintiff Alleges 19:** That Debt Collector <u>Raymond Patenaude</u> of
6    Patenaude & Felix on or about Aug 1, 2006 contacted Plaintiff Ross Shade by a
7    letter that stated it was "...regarding your delinquent outstanding balance [payable]
8    <u>to our client</u>" referring to Bank of America *as their client which was untrue* (i.e.,
9    no such attorney client arrangement existed).
10                                       ***
11   **Plaintiff Alleges 20:** That Raymond Patenaude of Patenaude & Felix is a
12   member of the California Bar, maintains an office at 4545 Murphy Canyon Road
13   in San Diego, CA, while Patrick J. Felix III although a member of California Bar
14   maintains an office in Pennsylvania when this Debt Collector Law Firm located in
15   San Diego filed a complaint in the Superior Court of the County of Yolo claiming
16   that $26,770.23 was payable to Bank of America which was untrue.
17                                       ***
18   **Plaintiff Alleges 21:** That Patenaude & Felix has sued or threatened to sue
19   hundreds of senior citizens or disabled people unable to pay consumer debts in
20   which Raymond Patenaude claimed this Debt Collector Law Firm represented
21   these *banks* when attempting to collect unpaid consumer debt but had no proof this
22   was true.
23                                       ***
24   **Plaintiff Alleges 22:** That, although it is uncertain as to the involvement of
25   <u>Bank of America N.A., USA</u>, *Bank of America* is shown as attending *trade shows*
26   in Las Vegas, sponsored by <u>Defendant, the *Debt Buyers' Association*</u> in years
27   <u>2003, 2004, 2005, and 2006</u>, the same years when Patenaude & Felix also
28   <u>attended these events.</u>
29                                       ***

6

1    **Plaintiff Alleges 23:** That when Patenaude & Felix sued supposedly

2    representing Bank of America, lawsuit was vindictive because of the fact the court

3    dismissed a prior case where this Defendant was supposedly representing Discover

4    Bank.

5                                    ***

6    **Plaintiff Alleges 24:**  That when Patenaude & Felix sued Plaintiff

7    supposedly on behalf of Bank of America which was untrue then (if the real party

8    is not OSI Collection Services) then the real party is an unknown (i.e. Doe).

9                                    ***

10   **Plaintiff Alleges 25:**  That, when Patenaude & Felix sued Plaintiff

11   supposedly on behalf of Bank of America, if the real party or a party or parties

12   assisting in the collection of debts that party are unknown (i.e. Doe or Does).

13                                   ***

14   **Plaintiff Alleges 26:** That the officers or employees of Bank of America or

15   Bank of America N.A. (USA) knew or should have known that *account*

16   *information* was being sold and would, in the hands of the buyer, be

17   misrepresented as giving the *debt buyer* the right to bring suit to collect the

18   account balance in the name of Defendant Bank of America N.A. and would allow

19   court to award exemplary damages.

20                                   ***

21   **Plaintiff Alleges 27:**  That Raymond A. Patenaude knew or should have

22   known that Patenaude & Felix causes of action were untrue when said to be

23   representing banks when supposedly authorized to sue on behalf of Bank One,

24   Discovery Bank and Bank of America) would allow Court to award exemplary

25   damages.

26                                   ***

27   **Plaintiff Alleges 28:** That Victor Patenaude of defendant Patenaude &

28   Felix knew that the Bank of America was not the real party in interest when he

1   admitted that *"the Superior Court does not care who we name as the plaintiff"*

2   during meet and confer meeting.

3                                   \*\*\*

4       **Plaintiff Alleges 29:**  That *Bank of America* and attorneys of *debt collector*

5   Patenaude & Felix attended the *Debt Buyers Association* sponsored *trade shows in*

6   *Las Vegas* during 2003, 2004, 2005 and in 2006

7                                   \*\*\*

8       **Plaintiff Alleges 30:**  That Raymond Patenaude, officers and owners of

9   Patenaude & Felix were *interested in the purchase of credit card debt* that is

10  acquired by debt buyers attending trade shows (supra) and directly or indirectly

11  acquired opportunity to represent the debt buyers in litigation in violation of

12  California Business & Professions Code section 6129.

13                                  \*\*\*

14      **Plaintiff Alleges 31:** That Raymond Patenaude and thus Patenaude & Felix

15  knew or should have known that *debt buyer* or buyers had acquired a list of

16  delinquent credit card debtors to together with *information* as about to debtors,

17  filing a lawsuit was based on pretext and was fraudulent where in the statute of

18  limitations a maximum of five years and wherein the court may award exemplary

19  damages. .

20                                  \*\*\*

21      **Plaintiff Alleges 32:**  That when associate counsel David Scott stated that

22  "as attorneys Patenaude & Felix had no duty to investigate client's claim or client's

23  pretext" this was in itself pretext by Mr. Scott this was pretext as an attorney has a

24  duty to determine if the case being accepted is valid and that suing the party would

25  not be unconscionable or oppressive. (California Civil Code section 3359) (and

26  not require use of pretext in order to prevail).

27                                  \*\*\*

1     **Plaintiff Alleges 33:**  That Patenaude & Felix accept cases for collection

2     under circumstances that prevent using their own best professional judgment as to

3     whether to sue and would be unconscionable or oppressive.

4                                                   ***

5     **Plaintiff Alleges 34:** That, <u>Defendant Dennis Hammond</u> is the Executive

6     Director of the Debt Buyers Association and aware that Debt Buyers Association

7     foments litigation (i.e., Common Barratry <u>in which Debt Buyers Association</u>

8     <u>assists in the sale and purchase of lists of persons who have been unable to make</u>

9     <u>payment on their credit card accounts and is aware that sellers of these lists are not</u>

10    <u>the real owners of the account balances that have been securitized.</u>(i.e., foment

11    litigation wherein the debt seller, supposedly a bank, has no interest in the account

12    balance that has been securitized, which is fraud and knows or should know that

13    the lawsuits that are being fomented are legally frivolous).

14                                                  ***

15    **Plaintiff Alleges 35:**    That Defendant Patenaude & Felix is engaged in the

16    scheme to take unfair advantage of persons unable to pay debt wherein defendant

17    attempts to obtain judgment from persons who find that no attorney will is willing

18    to help. The intent is to cloud the title to homes of senior citizens and has hundreds

19    of judgments so that payments including unconscionable interest charges will be

20    made to Patenaude & Felix in order to clear the title even after fifteen years.

21                                                  ***

22    **Plaintiff Alleges 36:**    That defendant Debt Buyers Association, a non-

23    profit mutual benefit corporation engages in business under the guise of providing

24    education but has collected in excess of $18 million dollars in the last ten years.

25    The real purpose is to enable officers and directors to engage in the business of

26    assisting in the transactions where lists of delinquent debtors when unable to

27    continue to make payments on debts and that the sale of the lists are in violation of

28    California Civil Code 1688.12 commonly known as *deadbeat lists* (but which they

29    call *portfolios*).

1                           ***

2     **Plaintiff Alleges  37:** Defendants, Gary Wood, Roger Knauf, Kristen

3 Dougherty, Stuart Blatt, Craig Goodman, Ronald Lavin, Michael Bendickson,

4 Michael Cushing, Barry Lockwood, and Richard Munroe as officers and or

5 directors were each was aware of the nature of the activities of the Debt Buyers

6 Association and that these activities were based on pretext that  sale of *portfolios*

7 of debts is a legitimate business and is not racketeering defined here as the

8 continued use of pretext but was violation of the California Civil Code and Federal

9 statutes depending on the truth that the Bureau of Consumer Protection of the

10 Federal Trade Commission does not enforce the statutes but only acts when there

11 are sufficient outcry of defrauded or abused citizens because Federal Courts have

12 not previously had a case where exemplary damages will serve as a deterrent. .

13                          ***

14     **Plaintiff Alleges 38:**   That plaintiff has been deprived of substantial

15 income that would have been earned <u>but for</u> time wasted in defending against

16 unfair practices of defendants (<u>i.e.</u>, in an advocate driven judicial system where

17 only one side can find advocates willing to defend). It is not only the money that

18 might have been earned that should be considered. Plaintiff's wife who became

19 disabled and in 2003 required Physical and emotional support and Plaintiff's own

20 health and well-being has been drastically affected.

21                          ***

22                      **RELIEF:**

23 **1.**     Plaintiff asks that Court to consider the harm inflicted on plaintiff  who has

24 been unable to successfully defend against Debt Buyers and Patenaude & Felix

25 and award just and fair compensatory damages.  In determine those damages

26 Plaintiff has been prevented from earning money during the many hours necessary

27 to defend. Attorneys with less experience and education would likely charge $500

28 per hour. Time required to defend against this legally frivolous litigation is

29 estimated at 150 hours.

1    **2.**    Considering the ill-gotten gains of defendants of Patenaude & Felix, OSI
2    Collection Services, and Debt Buyers Association estimated at $100,000,000 and
3    hardship caused by defendants Plaintiffs asks the court to award exemplary
4    damages of $4,000,000 and asks court to take judicial notice of California law
5    (Civil Code Section 3345) and encourage the award triple exemplary damages
6    based on defendants' suing senior citizens or those who are also disabled.
7    **3.**    If the role of Bank of America in the fraud practiced by the debt buyers is
8    perhaps only passive (i.e., providing information that enables others to defraud is
9    wrong), Plaintiff asks court to order Defendant Bank of America to cease and
10   desist the practice of selling lists of names of individual who are unable to make
11   payment on debts except where party might be shown to have had criminal intent.
12   **4.**    In that the Officers and Directors of the Debt Buyers Association are
13   responsible for the action of this corporation. Plaintiff asks for judgments for
14   compensatory and exemplary damages as allowed by Civil Code Section 3345 for
15   Court to determine or other that might serve as a deterrent to put a stop to unfair
16   treatment when older citizens are targeted simply because they are unlikely to be
17   able to defend. .
18
19                          **VERIFICATION**
20        I, Ross Shade, am the plaintiff in this case, have prepared the forgoing
21   complaint and declare under penalty of perjury that the foregoing is true and
22   correct and that is executed in County of Yolo, State of California.
23
24   September _10_ 2008
25                          Ross Shade
26
27