IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSS SHADE,

      Plaintiff,                    No. 2:08-cv-1069 LKK JFM PS

      vs.

BANK OF AMERICA, N.A., USA,
DEBT BUYERS ASSOCIATION, et al.,

      Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

           Defendant Debt Buyers Association's motion to dismiss came on regularly for hearing March 26, 2009. Plaintiff appeared in propria person. Mark C. Russell appeared for defendant Debt Buyers Association. Service of process on the remaining defendants remains outstanding. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

           On February 24, 2009, plaintiff filed a motion to substitute DBA International Inc. as a defendant in place of John Doe #1. On February 9, 2009, DBA International, Inc., formerly known as Debt Buyers Association filed an answer on behalf of Debt Buyers Association. Good cause appearing, plaintiff's motion will be partially granted. DBA International, Inc., formerly

known as Debt Buyers Association, will be substituted in place of defendant Debt Buyers Association.

Defendant DBA International Inc. (hereafter "DBA") moves to dismiss the instant complaint for failure to state a claim against DBA because plaintiff has failed to allege that DBA is a "debt collector" within the meaning of the federal Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p), and plaintiff's claims are barred by the applicable one-year statute of limitation.

Plaintiff claims that the actions of DBA in assisting debt buyers in finding lists of delinquent credit card debtors and attorneys willing to sue elderly and other disadvantaged persons to engage in abusive debt collection practices violate the FDCPA and California's Rosenthal Act, citing Romine v. Diversified Collection Servs., Inc., 155 F.3d 1142 (9th Cir. 1998). Plaintiff maintains that the Court of Appeals for the Ninth Circuit found Western Union was a debt collector and should not be dismissed even though "all it did was to sell the unlisted phone numbers to a collection agency." (Opp'n at 2.)

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Generally, in the context of a motion to dismiss, review is limited to the contents in the complaint. Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385

(9th Cir.1995). When matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment. However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1989). Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim. See Pacific Gateway Exchange, 169 F.Supp.2d at 1164; Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds). Thus, the district court may consider the full texts of documents that the complaint only quotes in part. See In re Stac Electronics Sec. Lit., 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103, 117 S.Ct. 1105 (1997). This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir.1998). Thus, a court may consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Records from the state court are subject to judicial notice. Miles v. State of California, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid. 201(d).

The purpose of the FDCPA is

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). The FDCPA was designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether valid debt actually exists. Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982). The FDCPA defines "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

In the September 11, 2008 amended complaint, plaintiff does not allege that DBA is a debt collector. At the hearing, counsel for DBA confirmed that DBA has no contact with consumers and does not collect debts. Rather, it is an association that regulates debt collection. Construed liberally, plaintiff argued that DBA's activities in the debt collection business should be considered debt collection under the FDCPA under the reasoning of Romine, supra.

However, the actions of Western Union in Romine are distinguishable from those of DBA here. Western Union had direct contact with debtors, calling them and then tracing the phone numbers and providing that information to creditors. There are no similar allegations here. Plaintiff has failed to demonstrate that DBA is a debt collector as defined in 15 U.S.C. § 1692a(6).[1]

Moreover, even if the court were to consider DBA to be a debt collector, this action is barred by the statute of limitations period. The statute of limitations for a claim under the FDCPA is one year.[2] Specifically, 15 U.S.C. § 1692k(d) states "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurred." 15 U.S.C. § 1692k(d). Generally, "an action must be filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA." See Padilla v. Payco General American Credits, Inc., 161 F.Supp.2d 264, 273 (S.D.N.Y.2001); Pittman, 969 F.Supp. at 611. It is important to note that the FDCPA specifically states the statute

---

[1] Plaintiff has similarly failed to allege or demonstrate that DBA is a debt collector under California's Rosenthal Act. Cal. Civ. Code §§ 1788-1788.33; Cal. Civ. Code § 1788.2(c).

[2] California's Rosenthal Act also has a one-year statute of limitation period. Cal. Civ. Code § 1788.30(f).

4

of limitations runs from the "date on which the violation occurred." See Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997) (holding that statute of limitations runs from the time of the purported violation); Watkins v. Peterson Enterprises, 57 F.Supp.2d 1102, 1106 (E.D.Wash. 1999) (citing Naas) ("The [FDCPA] limitations period runs from the date of the offending act."). Even if this court were to consider plaintiff's argument, primarily based on California state law in the professional malpractice context, that the limitations period should not begin to run until plaintiff became aware of the violation, this court is bound by the opinions of the Court of Appeals for the Ninth Circuit. Naas, 130 F.3d 893.

Plaintiff alleges that DBA sponsored trade shows in Las Vegas in 2003, 2004, 2005 and 2006, and uses this venue to "assist in the sale and purchase of lists of persons who have been unable to make payment on their credit card accounts" and are "aware that sellers of these lists are not the real owners of the account balances that have been securitized." (Amended Complaint at 6, 9.) All of these trade shows occurred more than one year prior to the May 16, 2008 filing date of the original complaint herein. Thus, plaintiff's claims against DBA are time-barred and must be dismissed with prejudice.

Accordingly, IT IS ORDERED that plaintiff's February 24, 2009 motion to substitute DBA International Inc. (#15) is partially granted; Debt Buyers Association is substituted in place of defendant Debt Buyers Association.

IT IS HEREBY RECOMMENDED that

1. Defendant DBA International's February 9, 2009 motion to dismiss (#11) be granted; and

2. Defendant DBA International, Inc., formerly known as Debt Buyers Association be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2009.

UNITED STATES MAGISTRATE JUDGE

001; shade1069.mtd