IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSS SHADE,

    Plaintiff,                                 No. 2:08-cv-1069 LKK JFM PS

    vs.

BANK OF AMERICA, N.A., USA, et al.,

    Defendants.                         ORDER

/

        Plaintiff is proceeding pro se and in forma pauperis. On September 11, 2008, plaintiff filed an amended complaint. On January 28, 2009, a waiver of service of summons was filed on behalf of DBA International ("DBA"), formerly known as Debt Buyers Association. DBA filed a motion to dismiss, findings and recommendations issued, and the parties' objections are pending before the district court. On July 14, 2009, plaintiff and defendant DBA entered into a stipulation dismissing DBA from this action.

        On May 15, 2009, plaintiff filed a request for permission to file a second amended complaint, along with a proposed Second Amended Complaint. On May 27, 2009, plaintiff filed a revised request for permission to file a second amended complaint.

        On May 27, 2009 and July 6, 2009, plaintiff filed a request and a motion to substitute named defendants for those identified as Doe defendants. Plaintiff confirms the proposed defendants were not included in the second amended complaint filed May 15, 2009.

1

1    On June 25, 2009, defendants Patenaude and Felix and Raymond A. Patenaude
2 filed a motion to dismiss plaintiff's amended complaint and second amended complaint pursuant
3 to Fed. R. Civ. P. 12(b)(6).
4    On July 6, 2009, plaintiff filed a motion for accommodation concerning the
5 August 6, 2009 hearing on the motion to dismiss.
6    The Federal Rules of Civil Procedure provide that a party may amend his or her
7 pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R.
8 Civ. P. 15(a).  However, because plaintiff seeks leave to add defendants he sued as Doe
9 defendants, the court will grant plaintiff leave to file a third amended complaint that contains all
10 of the named defendants and the specific allegations regarding each defendant.
11    In his third amended complaint, plaintiff must set forth the jurisdictional grounds
12 upon which the court's jurisdiction depends.[1]  Federal Rule of Civil Procedure 8(a).  Further,
13 plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of
14 plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff should
15 include dates of the alleged violations.
16    Plaintiff is informed that the court cannot refer to a prior pleading in order to
17 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading.  This is because, as a
19 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
20 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleadings
21 no longer serves any function in the case.  Therefore, in a third amended complaint, as in an
22 /////

---

[1] Plaintiff is cautioned that defendants who are also lawyers are expressly omitted from claims under the Rosenthal Act pursuant to its plain language.  The Rosenthal Act "explicitly excludes attorneys from the definition of 'debt collectors' while the FDCPA does not." Lopez Reyes v. Kenosian & Miele, LLP, 525 F.Supp.2d 1158 (N.D. Cal. 2007), citing Cal. Civ. Code § 1788.2(c); 15 U.S.C. § 1692a(6).

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In light of this order, the court will deny the June 25, 2009 motion to dismiss without prejudice and vacate the August 6, 2009 hearing.

On July 6, 2009, plaintiff filed a motion for sanctions. Plaintiff appears to seek sanctions based on alleged settlement negotiations by attorneys Reed Smith LLP, who contacted plaintiff and "purportedly representing defendant but saying that Reed Smith was representing for Bank of America (a trade name)." Id. at 1. Plaintiff is advised that neither Bank of America nor attorneys Reed Smith have appeared in this action; thus, this court has no jurisdiction to make such a sanctions order. Plaintiff's motion will be denied.

On May 19, 2009, the U.S. Marshal filed a waiver of service returned unexecuted as to OSI Collection Services. If plaintiff intends to pursue allegations as to this defendant, he must provide additional information, beyond that already provided, to accomplish service of process on this defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 15, 2009 and May 27, 2009 requests to amend the complaint and the May 27, 2009 and July 6, 2009 motions to substitute defendants are partially granted. (Docket Nos. 24, 29, 30, 33.)

2. Plaintiff's May 15, 2009 second amended complaint is dismissed.

3. The June 25, 2009 motion to dismiss filed by defendants Patenaude and Felix and Raymond A. Patenaude is denied without prejudice (Docket No. 31).

4. Plaintiff's July 6, 2009 motion for sanctions is denied without prejudice (Docket No. 35).

5. Plaintiff's July 6, 2009 motion for accommodation is partially granted; the August 6, 2009 hearing is vacated *in toto* (Docket No. 34).

/////

6. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 27, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; shad1069.cuo