IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSS SHADE,

      Plaintiff,

vs.

BANK OF AMERICA, FIA CARD SERVICES, N.A., RAYMOND A. PATENAUDE, PATENAUDE & FELIX, APC,

      Defendants.

No. 2:08-cv-1069 LKK JFM PS

FINDINGS AND RECOMMENDATIONS

/

      The motion to dismiss filed by defendants Patenaude & Felix and Raymond Patenaude (hereinafter "Patenaude") was submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

      Defendants Patenaude move to dismiss the instant complaint for failure to state a claim because plaintiff has failed to state a claim against defendants Patenaude. Moreover, to the extent plaintiff seeks relief under the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p) ("FDCPA"), defendants argue plaintiff's claims are barred by the one year statute of limitation.

      While not entirely clear, plaintiff appears to claim that defendants used false documents to file a state court collection action against plaintiff and failed to verify the validity

of the debt prior to bringing the state court action. Plaintiff now adamantly avers that his action is not brought under the FDCPA, but is an action in tort and fraud.

Rule 12(e) of the Federal Rules of Civil Procedure is designed to strike at unintelligibility, rather than want of detail. See Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). The rule permits a party to move for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The function of such a motion is thus not to require the pleader to disclose details of the case, see Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979), or to provide the evidentiary material that may properly be obtained by discovery, see Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). A motion for more definite statement should be denied if a pleading meets federal standards by providing a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2).

Generally, in the context of a motion to dismiss, review is limited to the contents in the complaint. Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir.1995). When matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment. However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1989). Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim. See Pacific Gateway Exchange, 169 F.Supp.2d at 1164; Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds). Thus, the district court may consider the full texts of documents that the complaint only quotes in part. See In re Stac

1  Electronics Sec. Lit., 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103, 117 S.Ct. 1105

2  (1997).  This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately

3  omitting references to documents upon which their claims are based." Parrino v. FHP, Inc., 146

4  F.3d 699, 705 (9th Cir.1998).  Thus, a court may consider certain materials--documents attached

5  to the complaint, documents incorporated by reference in the complaint, or matters of judicial

6  notice--without converting the motion to dismiss into a motion for summary judgment.  United

7  States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Records from the state court are subject to

8  judicial notice.  Miles v. State of California, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid.

9  201(d).

10         In the instant case, plaintiff is attempting to challenge defendants' efforts to

11 collect a debt that started with a credit card attached to plaintiff's bank account.[1]  It appears the

12 credit card was issued by Bank of America.  Plaintiff states that Bank of America N.A. USA

13 "sold the account after securitization (i.e., a financial asset)(UCC sec. 8103 et al.)." (Opp'n. at

14 6.)  Plaintiff appears to contend that he does not owe a debt to F.I.A. Card Services, N.A., and

15 that the efforts of Patenaude to collect a debt that Bank of America no longer owned were

16 therefore fraudulent and the state court collection action filed by Patenaude was malicious.

17 Plaintiff also alleges that it was fraud for FIA to assign the alleged debt to Patenaude because it

18 had been assigned to other debt collectors and because the "account was no longer owned by

19 Bank of America N.A. USA, and FIA was unable to provide verification of any debt." (3rd AC

20 at 5.)

21         However, the United States Supreme Court has held that the FDCPA applies to

22 the litigation activities of attorneys who regularly engage in debt collection. See Heintz v.

---

[1] "Plaintiff admits that a credit card was issued by Bank of America N.A. USA in connection with a checking account used by Plaintiff and now deceased wife Mary.  When Mary became disabled Plaintiff could no longer work outside of the home while providing caregiver service (i.e., was unable to be away from home for more than a few hours at a time 24 hours a day seven days a week)." (Pl.'s Opp'n. at 9.)

1  Jenkins, 514 U.S. 291, 299, 115 S.Ct. 1489 (1995).  Plaintiff has provided a declaration by Eric
2  Pyle, Legal Recovery Team Lead at F.I.A. Card Services, N.A., in which he states that in "2006,
3  Bank of America, N.A. (USA) assigned plaintiff's account to Patenaude & Felix, A.P.C. for
4  collection purposes." (Pl.'s Opp'n, Ex. 1, at 2.)  The declaration further confirms that on
5  "October 20, 2006, Bank of America, N.A. (USA) ceased to exist when it merged into F.I.A.
6  Card Services, N.A." (Id. at 3.)  While plaintiff is attempting to challenge the validity of that
7  assignment, and collection efforts resulting from that assignment, such efforts are covered by the
8  FDCPA pursuant to binding United States Supreme Court authority.  See Heintz, 514 U.S. at
9  299.  Moreover, allegations concerning failure to verify a debt fall squarely within the FDCPA.

10         The statute of limitations for a claim under the FDCPA is one year.[2]  Specifically,
11  15 U.S.C. § 1692k(d) states "[a]n action to enforce any liability created by this subchapter may
12  be brought . . . within one year from the date on which the violation occurred." 15 U.S.C.
13  § 1692k(d).  Generally, "an action must be filed within one year of the most recent date on which
14  the defendant is alleged to have violated the FDCPA."  See Padilla v. Payco General American
15  Credits, Inc., 161 F.Supp.2d 264, 273 (S.D.N.Y.2001); Pittman, 969 F.Supp. at 611.  It is
16  important to note that the FDCPA specifically states the statute of limitations runs from the "date
17  on which the violation occurred."  See Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997)
18  (holding that statute of limitations runs from the time of the purported violation); Watkins v.
19  Peterson Enterprises, 57 F.Supp.2d 1102, 1106 (E.D.Wash. 1999) (citing Naas) ("The [FDCPA]
20  limitations period runs from the date of the offending act.").

21         Defendants Patenaude filed suit against plaintiff on September 26, 2006 in the
22  Superior Court for the County of Yolo, State of California.  (Case No. CV06-1691.)  Plaintiff
23  filed the instant action on May 16, 2008.  Because this action was filed almost two years after the
24  filing of the state court lawsuit, it appears that any claims brought under the FDCPA should be

---

[2] California's Rosenthal Act also has a one-year statute of limitation period.  Cal. Civ. Code § 1788.30(f).

1  barred by the one-year statute of limitations.  Dismissal without leave to amend is proper when
2  the defective pleading cannot be cured by alleging other facts.  See Lopez v. Smith, 203 F.3d
3  1122, 1127 (9th Cir.2000).  Because plaintiff's claims are time-barred, his FDCPA claims should
4  be dismissed without leave to amend.

5        The general rule is that a malicious prosecution claim is not cognizable under
6  § 1983 if process is available in the state judicial system to provide a remedy.  Usher v. City of
7  Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).  A review of this court's records reflects that
8  plaintiff defended against the state court collection actions with his "theory that the state court
9  lacked subject matter jurisdiction because 'the banks had securitized the account balances and are
10 no longer the real parties in interest.' "  (Shade v. Superior Court County of Yolo, et al., Case No.
11 2:07-cv-0070 FCD DAD PS, November 19, 2007 Findings and Recommendations at 3.)[3]  Such
12 efforts were unavailing as judgments were entered against him.  (Id.)  Federal district courts do
13 not have jurisdiction to review errors in state court decisions.  Dist. of Columbia Court of
14 Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303 (1983) (holding that review of state
15 court determinations can be obtained only in the United States Supreme Court).

16        Moreover, in the instant action, plaintiff has provided no binding legal authority
17 for his theory that because Bank of America securitized the account balances, it was no longer
18 the real party in interest and could not assign the debt for collection to the other defendants.
19 Indeed, plaintiff has presented evidence to the contrary: the declaration of Mr. Pyle confirms that
20 Bank of America assigned the credit card debt to defendants Patenaude for collection purposes in
21 2006.  In Case No. 2:07-cv-0070 FCD DAD PS, plaintiff averred that "he [was] 79 years old,
22 became destitute in August 2003, stopped making payments on his credit card balances, [and]
23 was sued in Yolo County Superior Court several times."  (Shade v. Superior Court County of
24 Yolo, et al., Case No. 2:07-cv-0070 FCD DAD PS, November 19, 2007 Findings and

---

[3] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Recommendations at 3.) The fact that defendants legally attempted to sue plaintiff to collect on this outstanding obligation, while certainly stressful and taxing for plaintiff, does not state a cognizable claim for malicious prosecution. While plaintiff may have had viable claims under the FDCPA if they had been timely brought, the remainder of his complaint fails to state a claim for tort or fraud and should be dismissed with prejudice.

On September 25, 2009, plaintiff filed a request for sanctions based on defendants Patenaude including facts not included in the third amended complaint. Plaintiff's request lacks merit and will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 25, 2009 request is denied; and

IT IS HEREBY RECOMMENDED that the September 14, 2009 motion to dismiss be granted, and defendants Raymond A. Patenaude and Patenaude & Felix, APC, be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2009.

UNITED STATES MAGISTRATE JUDGE

001; shade1069.mtd3