1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROSS SHADE,

11          Plaintiff,              No. 2:08-cv-1069 LKK JFM PS

12      vs.

13   BANK OF AMERICA, FIA CARD
14   SERVICES, N.A.,                ORDER AND

15          Defendants.            FINDINGS AND RECOMMENDATIONS

16   _____/

17          Presently calendared for hearing on January 7, 2010 is the motion to dismiss filed

18   by defendants Bank of America Corporation and FIA Card Services, N.A.  Pursuant to Local

19   Rule 78-230(h), the court has determined that the matter will be submitted on the papers without

20   oral argument.  Upon review of the motion and the documents in support and opposition, and

21   good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

22          Defendants move to dismiss the third amended complaint for failure to state a

23   claim because plaintiff has failed to assert a single element of fraud or to allege fraud with

24   sufficient particularity or to meet the pleading requirements of Fed. R. Civ. P. 8(a).  In the

25   alternative, defendants argue the third amended complaint is vague, ambiguous and unintelligible

26   and thus requires a more definite statement under Fed. R. Civ. P. 12(e).

1

While not entirely clear, plaintiff appears to claim that defendant FIA was not entitled to collect on the credit card debt because FIA did not own the debt.  Plaintiff argues that the credit card debt had been "securitized" and "was owned by a trust as collateral for notes issued by an affiliate," (Third Am. Complt. 2-3), and avers FIA could not verify plaintiff owed the debt.  Plaintiff contends defendant Bank of America is liable based on its role as parent corporation over FIA, its subsidiary.

Plaintiff adamantly contends that this action is not brought under the FDCPA, but is an action in tort and fraud.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Rule 12(e) of the Federal Rules of Civil Procedure is designed to strike at unintelligibility, rather than want of detail.  See Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  The function of such a motion is thus not to require the pleader to disclose details of the case, see Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979), or to provide the evidentiary material that may properly be obtained by discovery, see

1   Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).  A motion

2   for more definite statement should be denied if a pleading meets federal standards by providing a

3   short and plain statement of the claim showing that the pleader is entitled to relief.  See Fed. R.

4   Civ. P. 8(a)(2).

5          Generally, in the context of a motion to dismiss, review is limited to the contents

6   in the complaint.  Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385

7   (9th Cir.1995).  When matters outside the pleading are presented to and accepted by the court,

8   the motion to dismiss is converted into one for summary judgment.  However, matters properly

9   presented to the court, such as those attached to the complaint and incorporated within its

10  allegations, may be considered as part of the motion to dismiss.  See Hal Roach Studios, Inc. v.

11  Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1989).  Where a plaintiff fails to attach

12  to the complaint documents referred to therein, and upon which the complaint is premised, a

13  defendant may attach to the motion to dismiss such documents in order to show that they do not

14  support the plaintiff's claim.  See Pacific Gateway Exchange, 169 F.Supp.2d at 1164; Branch v.

15  Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds).  Thus, the district court

16  may consider the full texts of documents that the complaint only quotes in part.  See In re Stac

17  Electronics Sec. Lit., 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103, 117 S.Ct. 1105

18  (1997).  This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately

19  omitting references to documents upon which their claims are based."  Parrino v. FHP, Inc., 146

20  F.3d 699, 705 (9th Cir.1998).  Thus, a court may consider certain materials--documents attached

21  to the complaint, documents incorporated by reference in the complaint, or matters of judicial

22  notice--without converting the motion to dismiss into a motion for summary judgment.  United

23  States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Records from the state court are subject to

24  judicial notice.  Miles v. State of California, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid.

25  201(d).

26  /////

1    This action began by plaintiff's efforts to challenge defendants' attempts to collect

2  a debt that started with a credit card attached to plaintiff's bank account.[1]  It appears the credit

3  card was issued by Bank of America.  Plaintiff states that Bank of America N.A. USA "sold the

4  account after securitization (i.e., a financial asset)(UCC sec. 8103 et al.)."  (September 25, 2009

5  Opp'n. at 6.)  Plaintiff alleges that it was fraud for FIA to assign the alleged debt to defendant

6  Patenaude because it had been assigned to other debt collectors and because the "account was no

7  longer owned by Bank of America N.A. USA, and FIA was unable to provide verification of any

8  debt."  (3rd AC at 5.)

9    However, the United States Supreme Court has held that the FDCPA applies to

10 the litigation activities of attorneys who regularly engage in debt collection.  See Heintz v.

11 Jenkins, 514 U.S. 291, 299, 115 S.Ct. 1489 (1995).  Plaintiff has provided a declaration by Eric

12 Pyle, Legal Recovery Team Lead at F.I.A. Card Services, N.A., in which he states that in "2006,

13 Bank of America, N.A. (USA) assigned plaintiff's account to Patenaude & Felix, A.P.C. for

14 collection purposes."  (Pl.'s September 25, 2009 Opp'n, Ex. 1, at 2.)  The declaration further

15 confirms that on "October 20, 2006, Bank of America, N.A. (USA) ceased to exist when it

16 merged into F.I.A. Card Services, N.A."  (Id. at 3.)  While plaintiff is attempting to challenge the

17 validity of the assignment, and collection efforts resulting from the assignment, such efforts are

18 covered by the FDCPA pursuant to binding United States Supreme Court authority.  See Heintz,

19 514 U.S. at 299.  Moreover, allegations concerning failure to verify a debt fall squarely within

20 the FDCPA.

21 /////

22

23

_____

24    [1]  "Plaintiff admits that a credit card was issued by Bank of America N.A. USA in
connection with a checking account used by Plaintiff and now deceased wife Mary.  When Mary
25 became disabled Plaintiff could no longer work outside of the home while providing caregiver
service (i.e., was unable to be away from home for more than a few hours at a time 24 hours a
26 day seven days a week)."  (Pl.'s September 25, 2009 Opp'n. at 9.)

1    The statute of limitations for a claim under the FDCPA is one year.[2]  Specifically,

2    15 U.S.C. § 1692k(d) states "[a]n action to enforce any liability created by this subchapter may

3    be brought . . . within one year from the date on which the violation occurred."  15 U.S.C.

4    § 1692k(d).  Generally, "an action must be filed within one year of the most recent date on which

5    the defendant is alleged to have violated the FDCPA."  See Padilla v. Payco General American

6    Credits, Inc., 161 F.Supp.2d 264, 273 (S.D.N.Y.2001); Pittman, 969 F.Supp. at 611.  It is

7    important to note that the FDCPA specifically states the statute of limitations runs from the "date

8    on which the violation occurred."  See Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997)

9    (holding that statute of limitations runs from the time of the purported violation); Watkins v.

10   Peterson Enterprises, 57 F.Supp.2d 1102, 1106 (E.D.Wash. 1999) (citing Naas) ("The [FDCPA]

11   limitations period runs from the date of the offending act.").

12   Both the Bank of America merger into FIA and the assignment of the debt

13   occurred in 2006.  Plaintiff filed the instant action on May 16, 2008.  Because this action was

14   filed almost two years after 2006, any claims brought under the FDCPA are barred by the one-

15   year statute of limitations.  Dismissal without leave to amend is proper when the defective

16   pleading cannot be cured by alleging other facts.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th

17   Cir.2000).  Because plaintiff's claims are time-barred, his FDCPA claims should be dismissed

18   without leave to amend.

19   The court turns now to plaintiff's claims of fraud.  Rule 9(b) of the Federal Rules

20   of Civil Procedures provides:

21   (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or
     mistake, a party must state with particularity the circumstances
22   constituting fraud or mistake. Malice, intent, knowledge, and other
     conditions of a person's mind may be alleged generally.

23

24   /////

25   _____

26   [2]  California's Rosenthal Act also has a one-year statute of limitation period.  Cal. Civ.
     Code § 1788.30(f).

1    Id.  Federal courts look to state law to "determine if the elements of fraud have been pleaded to

2    state a cause of action."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009).  To

3    prevail on a cause of action for fraud under California law, plaintiff must establish the following:

4    (1) a knowingly false representation by the defendant; (2) made with intent to deceive or induce

5    reliance by the plaintiff; (3) the plaintiff's justifiable reliance on the misrepresentation; and (4)

6    resulting damages.  Id. at 1126.

7            Plaintiff's third amended complaint has failed to allege any of these elements.

8    Plaintiff has failed to demonstrate how FIA's alleged failure to provide verification of the debt

9    constitutes fraud.  Plaintiff has failed to show how Bank of America is liable under an alter ego

10   theory, as there are no allegations establishing that relationship or explaining how FIA and the

11   Bank operated as a single entity.  Indeed, plaintiff concedes that the Bank's "culpability is

12   uncertain." (Third Am. Complt. at 4.)  Plaintiff has also failed to demonstrate how defendants'

13   efforts to collect on an overdue credit card account constitutes fraud, even where the account may

14   have been securitized.

15           Moreover, in the instant action, plaintiff has provided no binding legal authority

16   for his theory that because Bank of America securitized the account balances, it was no longer

17   the real party in interest and could not assign the debt for collection to the other defendants.

18   Indeed, plaintiff has presented evidence to the contrary:  the declaration of Mr. Pyle confirms that

19   Bank of America assigned the credit card debt to defendants Patenaude for collection purposes in

20   2006.  In Case No. 2:07-cv-0070 FCD DAD PS, plaintiff averred that "he [was] 79 years old,

21   became destitute in August 2003, stopped making payments on his credit card balances, [and]

22   was sued in Yolo County Superior Court several times." (Shade v. Superior Court County of

23   Yolo, et al., Case No. 2:07-cv-0070 FCD DAD PS, November 19, 2007 Findings and

24   Recommendations at 3.)  The fact that defendants legally attempted to collect on this outstanding

25   obligation, while stressful and taxing for plaintiff, does not state a cognizable claim for fraud.

26   While plaintiff may have had viable claims under the FDCPA if they had been timely brought,

the remainder of his complaint fails to state a claim for tort or fraud and should be dismissed with prejudice.

The court has granted plaintiff two opportunities in which to file an amended complaint that states a cognizable claim against defendants.  Plaintiff's FCDPA claims are time-barred and his attempts to raise fraud or tort claims are unavailing.  This court finds it would be futile to grant plaintiff leave to amend a third time.

IT IS ORDERED that the January 7, 2010 hearing is vacated; and

IT IS HEREBY RECOMMENDED that the November 13, 2009 motion to dismiss be granted, and defendants Bank of America Corporation and FIA Card Services, N.A. be dismissed; and this action be dismissed with prejudice.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 22, 2009.

UNITED STATES MAGISTRATE JUDGE

001; shade1069.mtd4

---

[3]  All other named defendants have been previously terminated or dismissed from this action.  See August 10, 2009 Third Amended Complaint; December 22, 2009 Order.